## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SHAWN SHAKIB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | |
| **SHAHAB NOOROMID, and** | ) | |
| **SANANDAJ HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

Shawn Shakib hereby files this verified complaint and petition for preliminary injunction against Shahab Nooromid and Sanandaj Holdings, LLC (hereafter, "Sanandaj") (together, "Defendants"), as follows.

## NATURE OF THE ACTION

1.    This is an action for fraud and damages related to the fraudulent filing of an Internal Revenue Service (hereafter, "IRS") Form 1099-MISC.

2.    This is also an action seeking injunctive and pre-judgment relief requiring the withdrawal of the Form 1099-MISC.

**PARTIES**

3.     Shawn Shakib is an individual resident of the State of Georgia.  Mr. Shakib resides at 131 Allmond Lane, Alpharetta, Georgia 30004.  Mr. Shakib is subject to the jurisdiction of this Court and may be served by serving the undersigned.

4.     Shahab Nooromid is an individual resident of the State of Georgia, and may be served at his residence at 1524 Windsor Parkway, Brookhaven, DeKalb County, Georgia 30319.

5.     Sanandaj Holdings, LLC is a domestic limited liability company organized under the laws of the State of Georgia and may be served by serving its registered agent Shahab Nooromid at his place of business at 1524 Windsor Parkway, Brookhaven, DeKalb County, Georgia 30319.

**JURISDICTION AND VENUE**

6.     Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1331 as this matter involves a question of Federal taxation relating to the issuance of a false Federal tax document.

7.     Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

8.    In January of 2021, Mr. Nooromid caused his business, Sanandaj, to issue an IRS Form 1099-MISC to Mr. Shakib alleging "other income" paid to Mr. Shakib in the amount of $336,544.85 (hereafter, the "1099-MISC").  A true and correct copy of the 1099-MISC is enclosed herewith, but has been redacted to protect the Taxpayer Identification Numbers (hereafter, "TINs") of the Parties.

9.    Within the 2021 tax year, Sanandaj paid Mr. Shakib $87,467.35.

10.    The 1099-MISC includes $249,077.50 of false income that was never paid to Mr. Shakib (hereafter, the "False Income").

11.    Defendants created and filed the false 1099-MISC with the IRS for the sole purpose of harassing and injuring Mr. Shakib.

12.    Defendants were formerly involved in a joint venture with Mr. Shakib, which developed into a financial dispute.

13.    As the dispute progressed, the matter escalated to the point where Mr. Nooromid filed a baseless warrant application with the Magistrate Court of DeKalb County, Georgia, Case Number PP-054514 (hereafter, the "Warrant Case").

14.    Mr. Nooromid lost the Warrant Case and the matter was dismissed.

15.    Like the Warrant Case, there is no lawful basis, whatsoever, for the False Income portion of the alleged payments per the 1099-MISC.

3

16.    Defendants' best contention, which is fatally flawed as a matter of Federal Tax Law, is that because Defendants are unable to locate taxpayer identification numbers (hereafter, "TINs") for independent contractors who worked on the joint venture, Defendants are entitled to issue the entire amount paid out to contractors to Mr. Shakib.

17.    Beyond this, during a dispute in late 2021, Mr. Nooromid expressly stated that this False Income amount would be issued to Mr. Shakib as a punitive measure.

18.    Mr. Nooromid sent Mr. Shakib a list of the amounts paid to Mr. Shakib during the 2021 tax year, in which he admits that the entire amount paid by Defendants to Mr. Shakib during the 2021 tax year was exactly $87,467.35.

19.    A Form 1099-MISC is a Federal Tax form, submitted to the IRS, and is paired with a Form 1065, Form 1120 or Form 1120S (in this case, depending upon whether Sanandaj is taxed as a Partnership, C-Corporation or S-Corporation, respectively), and is therefore a sworn Federal document.

20.    The sworn averments made by Defendants are plainly untrue and the product of Defendants' punitive fraud.

21.    Mr. Nooromid's false statements did not stop there.

22.    On January 31, 2022, during a hearing in the Warrant Case, Mr. Nooromid made numerous false statements to the Magistrate Court of DeKalb County in an effort to have Mr. Shakib jailed.

23.    While many of these false statements were not demonstrably false, among Mr. Nooromid's false claims was the claim that he had made a police report on or about December 2, 2021, and that he had a copy of said report.

24.    No such police report exists.

25.    Mr. Nooromid has demonstrated that he is willing to lie to both a court and the United States Government in order to cause damage to Mr. Shakib.

26.    The additional False Income alleged in the 1099-MISC has the effect of creating a baseless combined (Federal and Georgia) tax liability of at least $120,000.00 which will be assessed against Mr. Shakib.

27.    Moreover, the mere filing of the 1099-MISC will likely result in difficulties with both the IRS and the Georgia Department of Revenue (hereafter, the "DOR"), which will render correction difficult to say the least.

28.    As a result of the fraudulent 1099-MISC, the IRS and/or DOR will perform an audit examination of Mr. Shakib's 2021 Form 1040 tax return.

29.    Also as a result of the fraudulent 1099-MISC, the IRS and DOR will assess additional income taxes against Mr. Shakib in excess of $120,000.00.

30.     Allowing the 1099-MISC to go uncorrected will cause Mr. Shakib to suffer irreparable harm.

31.     Ordering Defendants to correct (to report $87,467.35 amount of income paid) will not result in any harm to Defendants, as this is the exact amount that Defendants admit having paid to Mr. Shakib.

32.     The greatest potential harm that Defendants could suffer would be that Defendants would not enjoy the tax benefits for the expense related to their fraudulent 1099-MISC, which is not particularly damaging, as doing so would cause Defendants to criminally violate 18 U.S.C. § 287.

33.     Mr. Shakib is certain to prevail on the merits against Defendants.

34.     No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

35.     Mr. Shakib now sues for damages against Sanandaj and Mr. Nooromid; and petitions this Court for a interlocutory preliminary injunction ordering Defendants requiring Defendants to correct the 1099-MISC to reflect $87,467.35 of payments made to Mr. Shakib and to file said corrected 1099-MISC with the IRS.

## COUNT I
**Fraud**

36.    Mr. Shakib restates paragraphs 1-35 and incorporates said paragraphs herein by reference.

37.    Defendants issued the 1099-MISC without any legal basis whatsoever for the False Income for the purpose of punishing Mr. Shakib.

38.    This untrue filing violates 18 U.S.C. § 287 on its face and has damaged Mr. Shakib by causing his tax liabilities to increase by at least $120,000.00.

39.    Defendants have benefitted from the untrue filings by being able to expense the False Income that was reported on the 1099-MISC.

40.    Defendants intentionally and knowingly made false statements to the IRS to the detriment of Mr. Shakib

41.    Defendants' deception has also caused Mr. Shakib substantial risk of audit examination.

42.    Defendants are liable to Mr. Shakib for fraud.

## COUNT II
**Preliminary Interlocutory Injunction**

43.    Mr. Shakib restates paragraphs 1-42 and incorporates said paragraphs herein by reference.

44.    Defendants have issued a fraudulent 1099-MISC to Mr. Shakib alleging False Income in the amount of $249,077.50 above the $87,467.35 that was actually paid to Mr. Shakib.

45.    As a result of this, Mr. Shakib will be liable for additional taxes of at least $120,000.00.

46.    The fraudulent 1099-MISC continues to cause Mr. Shakib to suffer irreparable injury and harm.

47.    Ordering Defendants to correct the 1099-MISC to an amount of $87,467.35 will not result in any harm to Defendants, and as such, the threatened injury outweighs the non-existent potential harm to Defendants.

48.    The greatest potential harm that Defendants could suffer would be that Defendants would be forced to forego the potential fraudulent expense benefits from the 1099-MISC, which amounts to helping Defendants avoid criminal liability under 18 U.S.C. § 287.

49.    Mr. Shakib is certain to prevail on the merits against Defendants as there is no lawful basis whatsoever for the False Income reported on the 1099-MISC.

50.   No element of this matter has any meaningful impact on the public interest, and therefore, granting the sought-after injunction will not disserve the public interest.

51.   Mr. Shakib now sues for damages against Defendants; and petitions this Court for a interlocutory preliminary injunction ordering Defendants to correct the 1099-MISC to reflect income paid by Defendants to Mr. Shakib to $87,467.35.

52.   A preliminary interlocutory injunction, ordering Defendants to correct the 1099-MISC is proper.

**COUNT III**
**Perjury**

53.   Mr. Shakib restates paragraphs 1-52 and incorporates said paragraphs herein by reference.

54.   Mr. Nooromid filed a baseless application for a warrant in the Warrant Case, which Mr. Nooromid lost.

55.   During the hearing for the Warrant Case, Mr. Nooromid made numerous false statements, including the claim that he filed a police report against Mr. Shakib on or about December 2, 2021.

56.   Mr. Nooromid testified to this extent.

57.   Mr. Nooromid's statements were false.

58.     Mr. Nooromid committed perjury in an effort to cause Mr. Shakib to be arrested during the hearing in the Warrant Case.

59.     Mr. Nooromid is liable to Mr. Shakib for perjury.

## COUNT IV
### Attorneys' Fees

60.     Mr. Shakib restates paragraphs 1-59 and incorporates said paragraphs herein by reference.

61.     Mr. Shakib attempted to resolve this matter amicably.

62.     Defendants have repeatedly rebuffed Mr. Shakib's ovations.

63.     Defendants refused to resolve this matter reasonably.

64.     Defendants have been stubbornly litigious.

65.     Mr. Shakib is entitled to attorneys' fees and costs for having to bring and maintain this action.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Shakib prays for judgment as requested above against Defendants and further requests:

a.     An award of damages as stated per this Complaint;

b.     Incidental and consequential damages;

c.     Punitive damages;

    d.     Preliminary interlocutory injunctive relief;

    e.     An award of attorneys' fees and costs in bringing and maintaining this action; and

    f.     Any other relief as this Court may deem just and reasonable.

## **DEMAND FOR JURY TRIAL**

Mr. Shakib  requests a trial by jury on all issues so triable.

Respectfully submitted, this 11th day of February, 2022.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        GA Bar No. 496530
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for Mr. Shakib*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SHAWN SHAKIB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | |
| **SHAHAB NOOROMID, and** | ) | |
| **SANANDAJ HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFICATION OF VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Shawn Shakib, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint and Petition for Preliminary Injunction are true and correct upon his personal knowledge and belief.

This __\\__ day of February, 2022.

_____
Shawn Shakib

Sworn to and subscribed before me this
__11⁵__ Day of February, 2022.

_____
Notary Public                    (SEAL)
My commission expires: ___1-28-2026___

13

# Exhibit A

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | **1** Rents | OMB No. 1545-0115 | **Miscellaneous Information** |
|---|---|---|---|
| SANANDAJ HOLDINGS, LLC | $ | **2021** | |
| | **2** Royalties | Form **1099-MISC** 1FDEA0302 09/14/21 | |
| P.O. BOX 191073 | $ | | |
| ATLANTA          GA 31119 | **3** Other income | **4** Federal income tax withheld | **Copy B** |
| (404) 550-5010  SHAHAB NOOROMID | $      336544.85 | $ | **For Recipient** |
| PAYER'S TIN          RECIPIENT'S TIN | **5** Fishing boat proceeds | **6** Med & health care payments | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| | $ | $ | |
| RECIPIENT'S name | **7** Payer made direct sales totalling $5,000 or more of consumer products to ☐ recipient for resale | **8** Substitute payments in lieu of dividends or interest | |
| SHAWN SHAKIB | | $ | |
| PRESTIGE RESTORATION SERVICES LL | **9** Crop insurance proceeds | **10** Gross proceeds paid to an attorney | |
| Street address (including apartment number) | $ | $ | |
| 131 ALLMOND LANE | **11** Fish purchased for resale | **12** Section 409A deferrals | |
| City or town, state or province, country, and ZIP or foreign postal code | $ | $ | |
| ALPHARETTA       GA 30004 | **13** Excess golden parachute payments | **14** Nonqualified deferred compensation | |
| Account number (see instructions)     FATCA filing req. ☐ | $ | $ | |
| | **15** State tax withheld | **16** State/Payer's state no. | **17** State income |
| | $ | | $ |
| | $ | | $ |

Form 1099-MISC          (keep for your records)     www.irs.gov/Form1099MISC          Department of the Treasury— Internal Revenue Service

## Instructions for Recipient

**Recipient's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the payer has reported your complete TIN to the IRS.

**Account number.** May show an account or other unique number the payer assigned to distinguish your account.

**FATCA filing requirement.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its account reporting requirement under chapter 4 of the Internal Revenue Code. You may also have a filing requirement. See the Instructions for Form 8938.

**Amounts shown may be subject to self-employment (SE) tax.** Individuals should see the instructions for schedule SE (Form 1040). Corporations, fiduciaries, or partnerships must report the amounts on the appropiate line of their tax returns.

**Form 1099-MISC incorrect?** If this form is incorrect or has been issued in error, contact the payer. If you cannot get this form corrected, attach an explanation to your tax return and report your information correctly.

**Box 1.** Report rents from real estate on Schedule E (Form 1040 or 1040-SR). However, report rents on Schedule C (Form 1040 or 1040-SR) if you provided significant services to the tenant, sold real estate as a business, or rented personal property as a business. See Pub. 527.

**Box 2.** Report royalties from oil, gas, or mineral properties; copyrights; and patents on Schedule E (Form 1040 or 1040-SR). However, report payments for a working interest as explained in the Schedule E (Form 1040 or 1040-SR) instructions. For royalties on timber, coal, and iron ore, see Pub. 544.

**Box 3.** Generally, report this amount on the "Other income" line of Schedule 1 (Form 1040 or 1040-SR), or Form 1040-NR and identify the payment. The amount shown may be payments received as the beneficiary of a deceased employee, prizes, awards, taxable damages, Indian gaming profits, or other taxable income. See Pub. 525. If it is trade or business income, report this amount on Schedule C or F (Form 1040 or 1040-SR).

**Box 4.** Shows backup withholding or withholding on Indian gaming profits. Generally, a payer must backup withhold if you did not furnish your TIN. See Form W-9 and Pub. 505 for more information. Report this amount on your income tax return as tax withheld.

**Box 5.** Shows the amount paid to a fishing boat crew member who is considered by the operator to be self-employed. Self-employed individuals must report this amount on Schedule C (Form 1040). See Pub. 334.

**Box 6.** For individuals, report on Schedule C (Form 1040).

**Box 7.** If checked, consumer products totaling $5,000 or more were sold to you for resale, on a buy-sell, a deposit-commission, or other basis. Generally, report any income from your sale of these products on Schedule C (Form 1040).

**Box 8.** Shows substitute payments in lieu of dividends or tax-exempt interest received by your broker on your behalf as a result of a loan of your securities. Report on the Other income line of Schedule 1 (Form 1040).

**Box 9.** Report this amount on Schedule F (Form 1040).

**Box 10.** Shows gross proceeds paid to an attorney in connection with legal services. Report only the taxable part as income on your return.

**Box 11.** Shows the amount paid for the purchase of fish for resale from any person engaged in the trade or business of catching fish. See the instructions for your tax return for reporting this income.

**Box 12.** May show current year deferrals as a nonemployee under a nonqualified deferred compensation (NQDC) plan that is subject to the requirements of section 409A plus any earnings on current and prior year deferrals.

**Box 13.** Shows your total compensation of excess golden parachute payments subject to a 20% excise tax. See your tax return instructions for where to report.

**Box 14.** Shows income as a nonemployee under an NQDC plan that does not meet the requirements of section 409A. Any amount included in box 12 that is currently taxable is also included in this box. Report this amount as income on your tax return. This income is also subject to a substantial additional tax to be reported on Form 1040, 1040-SR, or 1040-NR. See the instructions for your tax return.

**Box 15 -17.** Show state or local income tax withheld from the payments.

**Future developments.** For the latest information about developments related to Form 1099-MISC and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099MISC

**Free File.** Go to www.irs.gov/FreeFile to see if you qualify for no-cost online federal tax preparation, e-filing, and direct deposit or payment options.